BURNIC JOE ANTHONY v. THE STATE.

No. 23805. Delivered November 19, 1947.
Rehearing Denied January 7, 1948.

W. J. Baldwin, of Beaumont, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for burglary and assessed a penalty of two years in the penitentiary.

The very brief record before us discloses that appellant climbed up to the second floor of a storage garage in the City of Beaumont, and entered through a window which he says was open. While rifling the automobiles stored there his presence was discovered by the night force who notified the police department. When the police went to the storage room they found appellant engaged in taking articles from one of the cars. He jumped through an open window to the ground, but was unable to make his escape.

In a voluntary statement he admitted the offense but it is not perfectly clear from this evidence that the window which he entered was closed and that he opened it. The State introduced this voluntary statement on his part proving all other ingredients of the offense of burglary. Ample evidence was then introduced showing that the window was closed immediately prior to the time he was discovered in the building. Appellant did not testify in his own behalf and, at the close of the State's case, he filed a motion for an instructed verdict, which was refused.

No brief is filed in the case, and we are not advised of the grounds upon which reversal is sought. The proceeding appears to be regular and the evidence sufficient to sustain the conviction.

The judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In a motion for rehearing, appellant insists that we erred for two reasons in holding the evidence sufficient to support the conviction: (a) the garage was not a building, within the meaning of that term as used in the statute defining burglary, and therefore could not be the subject of a burglary, and (b) there was lack of any evidence showing an entry to the building by breaking.

The garage was a two-story building used primarily for the storage of automobiles. The front of the lower or first floor was entirely open; it had no doors and remained open all the time. Access to the second floor was by means of a ramp—that is, a sloping way—upon and over which cars were driven to the second floor and there stored. The ramp was not closed; there were no doors thereon. Hence a person could enter the front

of the building and go to the second floor without opening a door.

A "house," within the meaning of the burglary statute, is defined by Art. 1395, P. C., as follows:

"A 'house' within the meaning of this chapter, is any building or structure erected for public or private use, whether the property of the United States, or this State, or of any public or private corporation or association, or of any individual, and of whatever material it may be constructed."

The building here involved comes within the terms of the statute, and is a house, within the meaning of the statute.

As to the other contention, it is appellant's position that the State was bound by the appellant's confession introduced in evidence by the State, to the effect that he entered the second floor of the garage through an open window after having climbed up a pipe to the roof of an adjoining one-story building and that, therefore, entry to the garage was not by a breaking.

There was abundant proof showing that the window to the building was closed prior to appellant's entry—thereby refuting the statement in the confession that it was open. However, whether the window was or was not open is immaterial, for an entry by such means would constitute an unusual place of entry and thereby would come within the meaning of the term "breaking." Art. 1394, P. C. See Alexander v. State, 20 S. W. 756, 31 Tex. Cr. R. 359.

We remain convinced that the facts support the conviction, and appellant's motion for rehearing is overruled.

Opinion approved by the Court.