**Billy Ray DAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50875.**

Court of Criminal Appeals of Texas.

March 17, 1976.

Rehearing Denied April 7, 1976.

Larry D. Robertson, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of burglary under V.T.C.A., Penal Code Sec. 30.02(a)(1);

punishment, enhanced under V.T.C.A., Penal Code Sec. 12.42(d), is life.

Appellant challenges the sufficiency of the evidence to show a *building* was entered.

V.T.C.A., Penal Code Sec. 30.02 defines burglary, in relevant part, as:

"(a) A person commits an offense if, without the effective consent of the owner:

(1) he enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; . . . ."

"Building" for purposes of the burglary section is defined in V.T.C.A., Penal Code Sec. 30.01(2), as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use."

The premises in question may accurately be described as consisting of a structure built of concrete blocks with three large doorways that were not capable of being closed, which structure with the surrounding yard was enclosed by a chain link fence. The record reflects a cutting and entry through the chain link fence and a taking of property from the concrete block structure.

The State cites the Court's holding in *Anthony v. State,* 151 Tex.Cr.R. 240, 207 S.W.2d 84, that a similar structure was a "house" under the former Penal Code.

■■■ "House" under the former Penal Code, as quoted in *Anthony,* supra, was defined as "any building or structure erected for public or private use . . . ." Clearly the definitions are different and the holding in *Anthony v. State,* supra, is not controlling. The new Penal Code was prepared, enacted, and intended to be construed as a systematic whole, and should be interpreted in light of that legislative purpose. It is not sufficient for this Court to blindly adopt holdings under the old Code as controlling, because to do so would violate the legislative intent and would in short time render the new Code a difficult maze to understand. It would set a bad precedent for this Court to automatically adopt old Code decisions without discussion of the reasons for doing so, particularly where, as here, an entirely new definition of the statutory concept was adopted. This Court must do its duty to insure that changes in the law effected by enactment of the new Code are not rendered meaningless by judicial construction that merely reinstates the old Code. Only in those instances in which the Legislature brought forward old Code concepts or principles, and there are such instances, should the decisions of this Court construing the old Code be held *controlling* authority on the interpretation of the new Code. But where the Legislature has seen fit to abandon old Code concepts or definitions and has replaced them with new ones, it is the duty of this Court to give effect to that legislative action. Whether the structure here involved was a building within the meaning of Sec. 30.01, supra, is a case of first impression and will be addressed as such.

■■■ Crucial in addressing the issue is the meaning of "enclosed structure." We think it clear that the language used by the Legislature means the structure itself must be of an enclosed character. A structure that is merely enclosed by something else would not for that reason alone be an enclosed structure under the statute. If the latter were true, a windmill, water tower, or any other structure, if enclosed by a fence, would be included in the statutory definition. The Legislature did not intend such structures to be within the scope of the interests protected by the burglary statute.

■■■ The cutting and entry through the chain link fence in this case, although in violation of V.T.C.A., Penal Code Sec. 28.03, Criminal Mischief, in its injury to the owner's interest in the fence, and in violation of V.T.C.A., Penal Code Sec. 30.05, Criminal Trespass, in its injury to the owner's inter-

est in the premises enclosed by the fence, nevertheless was not an entry into a building in violation of V.T.C.A., Penal Code Sec. 30.02, Burglary, which is designed to protect the interests of owners in the security of habitations and buildings as those terms are defined in Sec. 30.01, supra.[1] If a burglary was committed, it was not until the concrete block structure was entered. It must be determined, then, whether the concrete block structure itself constituted an enclosed structure.

The record contains a photograph of one face of the concrete block structure in question (State's Exhibit 6), which shows three large portals or openings (see appendix). In describing the structure, the owner testified:

"Q. Would you describe briefly the nature of the buildings that you have there on your location?

"A. Okay. Now, the large main building is about 1,500 square feet, fronts on North First where our sales floor is. Behind that, there is a large concrete block building where we store our plywood, paneling, and some lumber so it will stay out of the weather."

In identifying the photograph, the owner testified:

"THE WITNESS: A. Yes, sir. That is our concrete block building where we store out [sic] lumber, plywood, and paneling, and things, to keep them out of the weather."

On cross-examination, the owner testified:

"Q. Mr. Varner, in State's Exhibit Six, where this lumber is stacked outside, that is not in a building or anything, is it?

"A. No, sir.

"Q. It is sitting on the ground?

"A. Under the overhang, yeah.

"Q. And what you referred to as a building there, has no doors on it?

"A. Correct.

"Q. Never was any doors on it?

"A. Correct.

"Q. Does not lock or anything?

"A. No, sir.

"Q. Actually, it is a shed, isn't it?

"A. It's completely enclosed, except for those three doors.

"Q. Except for the holes in it?

"A. Right.

"Q. Which are big enough for a truck?

"A. Yes, sir."

On cross-examination, an employee of the business testified:

"Q. This State's Exhibit Number Six, which you referred to as a block building, has no doors on it, does it?

"A. No, sir.

"Q. It is wide open for trucks to go in and out of?

"A. Yes, sir.

"Q. Is that correct?

"A. Yes, sir.

"Q. All right. There is no doors broken open are [sic] anything like that?

"A. No, sir."

■ It appears to be clear from this record that the concrete block structure was not of an enclosed character, but instead was, as existing at the time of the offense, permanently open or unenclosed. It appears to be a well-designed structure for the protection of stored lumber from the elements, being essentially a shed consisting of a roof and walls erected for as much protection from the elements as would be

1. In addition to the offenses of criminal mischief and criminal trespass, the record also reflects the commission of felony theft after the unlawful entry when construction materials and a truck were taken.

consistent with leaving permanently open portals for passage of persons and trucks. It also appears not to be designed for the security of its contents [2] or occupants inasmuch as it is permanently open for entrance and exit of persons and trucks. To hold that a structure of the design shown here is a building within the definition in Sec. 30.-01,[3] supra, would expand the scope of structures which may be the object of burglary to include open air stages with three walls and a roof, or open carports with walls on both sides but none on the ends, or even four-columned pavilions with no walls. The structure here is no more an enclosed structure than the examples just listed.

■ Although the record shows criminal mischief, criminal trespass, and felony theft, it does not show burglary. To hold the contrary would violate the legislative intent. If the Legislature desires to extend the protection of the burglary statute to structures such as the one in this case, it is, of course, free to amend the definition of "building" in Sec. 30.01, supra.

■ We hold that the structure in this case is not a "building" within the terms of Sec. 30.01, supra, and reverse the conviction for insufficient evidence.

The judgment is reversed and the cause remanded.

2. It appears the fence was designed for protection of this interest. But the Legislature did not provide protection for this interest by the burglary section where only a fence is erected; it extends such protection in that respect only to the extent found in the criminal trespass section. See comment on Sec. 30.05 above.

3. Compare the definition of "building" for purposes of V.T.C.A., Penal Code chapter 30 with that provided for purposes of arson in V.T.C.A., Penal Code Sec. 28.01(2):

   " 'Building' means any *structure or enclosure* intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." (Emphasis added.)

It is significant that the Legislature used a more restrictive definition in chapter 30, requiring an "enclosed structure" instead of a "structure or enclosure."

**686**

DOUGLAS, Judge (dissenting).

State's Exhibit No. 6 shows a photograph of the building entered by appellant. V.T. C.A., Penal Code, Section 30.02, provides that a person commits an offense if he enters a building without the owner's consent. Building is defined as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, or use."

In the present case we have a building with four walls. The witness Varner testified that it was a building and "It's completely enclosed, except for those three doors."

From the photograph admitted into evidence, this is an enclosed structure. There being no doors to close does not keep it from being an enclosed structure. If there are doors to a structure or residence or business building that are open, is the majority holding that those buildings would not be enclosed? I would not require that there be doors on a building and that they be closed to fit the definition of a building under the code.

The proof in the present case is sufficient to show that the building was enclosed. The judgment should be affirmed.

MORRISON, J., joins in this dissent.