**Anthony Quinn ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–954–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1990.

Discretionary Review Refused Feb. 20, 1991.

Kenneth P. Mingledorff, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before the jury to the offense of burglary. TEX.PENAL CODE ANN. § 30.02(a)(1). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(b), at imprisonment for 20 years. We affirm.

On June 29, 1989, while leaving his office, Richard Ridgeway saw Appellant standing on barrels outside a warehouse

pulling copper wire out of an electrical box. Ridgeway, who leased a nearby building, went back into the office to tell the complainant that someone was at the warehouse. Complainant, owned the warehouse and had been leasing another building to Ridgeway for five or six years.

After observing Appellant's conduct, the complainant called the police and suggested to Ridgeway that he "head off" Appellant in front while he (complainant) went around to the back of the warehouse. Ridgeway parked his pickup at the locked gate in front of the warehouse and the complainant drove around to the back carrying a shotgun. By the time complainant got to the warehouse, he observed Appellant inside tearing apart a "hydraulic cooling tower" with a pry bar and crowbar. Complainant got out of his pickup, pointed the shotgun at Appellant, and told him to come out of the building and sit down until the police arrived. Appellant had a bucket filled with copper wiring and a tube from the hydraulic cooling tower, as well as an electrical motor and some wiring which had been ripped out of an air compressor inside the warehouse.

■ In his first point of error, Appellant contends the evidence is insufficient to support a finding beyond a reasonable doubt that the structure allegedly burglarized was a "building" as defined by § 30.01(2) of the Texas Penal Code.

In reviewing sufficiency of the evidence, the test is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). Under the Penal Code, "building" means "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." TEX.PENAL CODE ANN. § 30.01(2). Appellant, citing *Day v. State,* 534 S.W.2d 681 (Tex.Crim.App.1976), claims the structure was not a "building" at the time of the illegal entry. In *Soliz v. State,* 794 S.W.2d 110 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd), the Court summa-

rized the Court of Criminal Appeal's description of the structure in *Day:*

> The court described the building in Day as a structure built of concrete blocks with three large doorways that were not capable of being closed. The court said it was a shed, built to protect goods from the elements, not designed for the security of its contents. The openings were large enough for trucks to enter the structure. Because there were no doors on the structure, none had been broken to enter it. The court held the structure was not a building within the definition of section 30.01(2).

794 S.W.2d at 111.

The structure in this case had two sides, a roof, and a point of entry on both ends, each with a roll or garage-type door. It was surrounded by a chain-link fence topped with barbed wire and a no trespassing sign. Ridgeway testified the structure was not open to the public and housed valuable property. He also testified that State's exhibit no. 6 depicted an opening with the door on the floor. He stated the door had been on the floor for months. While Ridgeway testified the opening was big enough to drive a pickup truck through, he also stated the structure was designed for the door to be on it and was capable of being closed and made secure. Ridgeway testified this was the condition of the structure on the date of the offense.

The complainant testified the structure was capable of being closed and made secure. In fact, he testified there was a door on each end of the structure on the day of the offense. He stated that Defendant's exhibit no. 3 depicted both openings with a door properly in place. Ridgeway testified that this same exhibit depicted an opening without a door. The complainant stated the door on one end (referred to by Ridgeway) had only been off once. He said the doors were normally kept opened for ventilation and lighting. The complainant said he tried to keep the doors closed but vandals came in "almost every night and opened them." He confirmed, however, that he closed both doors on a regular

basis. Finally, the complainant testified the structure was designed to house an oil field pipe upsetter which heats and expands pipe so it can be threaded.

Although there are discrepancies between the testimony of Ridgeway and the complainant, both testified the structure was designed with doors and was capable of being closed and made secure. This makes it distinguishable from the structure in *Day* which was designed without doors and, therefore, was permanently open. Viewing the evidence in a light most favorable to the prosecution, we hold that a rational trier of fact could find that the structure in this case was a building within the meaning of § 30.01(1). We overrule Appellant's first point of error.

■ In his second point of error, Appellant contends the trial judge improperly commented on the weight of the evidence under TEX.CODE CRIM.PROC.ANN art. 38.05, by questioning Ridgeway on the stand and by his reply to jury question no. 1. We note initially that Appellant never objected at trial to either of the alleged comments or remarks by the trial judge. *Hovila v. State*, 562 S.W.2d 243, 249 (Tex.Crim.App. 1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). In the interest of justice, however, we address Appellant's contention. Appellant complains specifically of the following exchange during Ridgeway's cross-examination:

Q: Okay. So you had one permanent opening where the door is broken off— let me finish my question if I may, please.

Where the door is actually torn off and just left there and people walk on it. It's been there for you don't know how many years and one side that you don't when the last you closed it, is that correct?

A: Well, the door hasn't been off for years and it is designed for the door to be on it. I don't remember when we closed the door the last time.

THE COURT: Is it capable of being closed and made secure?

THE WITNESS: Yes.

THE COURT: All right.

Article 38.05 provides:

In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

The trial court did not rule on the admissibility of evidence. In addition, the trial judge's question was not calculated to convey to the jury his opinion of the case. Throughout his cross-examination of Ridgeway, Appellant's counsel repeatedly asked the same questions while giving his own characterization of the answers regarding the character of the structure. To clarify that issue, the trial judge asked his question. *Burks v. State*, 693 S.W.2d 747, 750 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). The trial judge was far from assuming the position of a litigant in this case. *Id.*

■ Appellant also complains of the following question "sent back" by the jury and answered by the trial judge during deliberations:

Definition of building—states "enclosed" structure yet the judge stated "capable of being enclosed"—What is true and specific definition which jury is to use?

The trial judge replied:

To be a building, the structure must be capable of being closed and made secure, at the time of the occurrence.

The trial judge's reply in no way conveyed his opinion of the case. It was not only consistent with definition of "building" under the law, but also consistent with Appellant's defense. Throughout the course of the trial, Appellant's counsel focused on whether the structure in question was capable of being closed and made secure. The strategy was to obtain an acquittal, or to prevent nothing more than a conviction for the lesser included offense of criminal trespass. Moreover, when the jury asked whether "capable of being closed and made secure" meant "repairs to

the door in State's exhibit no. 6", the trial judge responded that he could give no further instruction.

Neither the trial judge's question to Ridgeway nor his responses to the jury's questions were reasonably calculated to benefit the State or to prejudice the rights of the defendant under article 38.05. *Becknell v. State,* 720 S.W.2d 526, 532 (Tex. Crim.App.1986), *cert. denied,* 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987). We overrule Appellant's second point of error.

In points three through five, Appellant claims he was denied reasonably effective assistance of counsel. To determine whether trial counsel rendered ineffective assistance, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's performance is measured by reasonableness under prevailing professional norms. *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App. 1986) (citing *Strickland* 466 U.S. at 688, 104 S.Ct. at 2064–65). To determine prejudice or reversible error resulting from ineffective assistance of counsel, a defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. 726 S.W.2d at 55 (citing *Strickland* 466 U.S. at 694, 104 S.Ct. at 2068).

■ The *Strickland* standard is determined by examining the totality of the representation rather than by focusing on isolated acts or omissions. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App.1986). A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. 466 U.S. at 689, 104 S.Ct. at 2065.

■ Points four and five attribute error to counsel's failure to object to the trial judge's questioning of Ridgeway and to the trial judge's reply to jury question no. 1. Given our holding above and the presumption espoused in *Strickland,* these points are without merit. We overrule points of error four and five.

■ In his third point, Appellant claims counsel should have objected to the trial court's failure to comply with TEX.CODE CRIM.PROC.ANN art. Article 36.27. That article provides in pertinent part:

Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit the answer to the same to the defendant or his counsel for objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant. (Emphasis added).

The giving of additional instructions to the jury by the trial court without compliance with the statutes requiring such communication to be in open court and in the presence of the defendant constitutes reversible error. *Williamson v. State,* 771 S.W.2d 601, 605 (Tex.App.—Dallas 1989, pet. ref'd). It is incumbent upon a defendant, however, to bring the error to the judge's attention by objection or formal bill of exception or the acts are presumed consistent with the statute. *Id.* Appellant's counsel made no objection or bill of exception because, as we have stated, his trial strategy was to convince the jury that Appellant was guilty, at most, of only criminal trespass. Trial strategy will be reviewed only if the record demonstrates the action

taken by trial counsel is without any plausible basis. See *Ex Parte Ewing,* 570 S.W.2d 941, 945 (Tex.Crim.App.1978). Furthermore, counsel's failure to preserve error by objection, is not sufficient to render his assistance ineffective in light of the totality of his representation. *Williams v. State,* 760 S.W.2d 292, 297 (Tex.App.—Texarkana 1988, pet. ref'd) (citing *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App. 1984)). We overrule point of error number three.

Accordingly, we affirm the judgment of the trial court.