TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00490-CR







Lee Allen Waddell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4458, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING








 Lee Allen Waddell appeals from a trial-court judgment convicting him of burglary
of a building. See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). (1) The jury found Waddell
guilty. The trial judge, after finding that Waddell had committed a previous felony as alleged in
the indictment, fixed his punishment at sixty-years' imprisonment. We will reverse the judgment
and remand the cause for a new trial.



THE CONTROVERSY


 Waddell was indicted for burglary after a caretaker found him inside a house. The
house had been vacant for several years and was left unlocked because of numerous break-ins. 
The owner testified the house was used primarily for storage and that Waddell did not have
permission to be inside. The caretaker testified that when he confronted Waddell about his
presence in the house, Waddell moved quickly toward the front door. The caretaker testified
further that Waddell talked about "taking the bed" that was in the house because he was staying
at his sister's house next door and needed a bed. The evidence was conflicting about whether
there was a bed for Waddell in his sister's house. Waddell also told the caretaker that he was
looking for his sister's cat. Waddell's sister corroborated his claim, testifying that she sent
Waddell to the house to look for her cat. Nothing was taken from the house. None of the
fingerprints found in the house matched Waddell's although his palm print was found on a mirror.


 

DISCUSSION AND HOLDING


 In point of error three, Waddell contends that defense counsel's failure to request
an instruction on criminal trespass, Texas Penal Code Annotated § 30.05 (West 1994), a lesser
included offense of burglary, amounted to ineffective assistance of counsel, such that (1) counsel's
representation of Waddell fell below an objective standard of reasonableness (2) resulting in a
reasonable probability that the outcome of the trial would have been different but for counsel's
deficient performance. See Vasquez v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992)
(citing Strickland v. Washington, 466 U.S. 668 (1984)). Counsel's failure to request a jury
instruction can render his assistance ineffective if, under the particular facts of the case, the trial
judge would have erred in refusing the instruction had counsel requested it. See Vasquez, 830
S.W.2d at 951. The defendant, however, bears the burden of overcoming the presumption that
counsel's decision not to request the instruction could be considered sound trial strategy. See
Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994) (citing Strickland, 466 U.S.
at 689). 

 The offense of criminal trespass is a lesser included offense in each of the three
kinds of burglary. Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); Day v. State,
532 S.W.2d 302, 306 (Tex. Crim. App. 1976). The offenses of burglary of a building and
criminal trespass have similar elements except that burglary has the additional element of an intent
to commit a felony or theft. Criminal trespass has no such element but has instead an element of
notice. (2) See Williams v. State, 796 S.W.2d 793, 799 (Tex. App.--San Antonio 1990, no writ).

 To determine whether an instruction regarding the lesser included offense of
criminal trespass is required in a trial for burglary of a building, the two requirements originally
laid down in Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981), must be met. 
McKinney v. State, 627 S.W.2d 731, 732 (Tex. Crim. App. 1982); see also Day, 532 S.W.2d at
306. The two requirements are as follows:



First, the lesser included offense must be included within the proof necessary to
establish the offense charged. Secondly, there must be some evidence in the record
that would permit a jury rationally to find that if the defendant is guilty, he is
guilty of only the lesser offense.


 

Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App.), cert. denied, 114 S. Ct. 313 (1993)
(adding emphasized portion to Royster test).

 On review of the record in the present case, we find the evidence was sufficient,
under Royster, to require the trial judge to give an instruction on the lesser offense of criminal
trespass had one been requested. The testimony of the owner established that Waddell entered
the house without her permission; thus, the want-of-consent elements of both burglary and
criminal trespass are supported by the evidence.

 The evidence also supports a conclusion that the house was not open to the public. 
Although the "notice" requirement of criminal trespass is not automatically established by proof
of the facts necessary to prove burglary, where, as here, the evidence shows the "accused entered
a building not then open to the public, the `notice' requirement would be satisfied by proof of
entry into the building." Day, 532 S.W.2d at 306 (emphasis added). The building in issue was
an uninhabited house that the owner used to store furniture and other personal belongings. There
was testimony that the doors of the house were not only unlocked but also "open" at times. 
Nevertheless, the condition of the house when Waddell entered it was not such as to lead one
reasonably to believe that it was open to the public or that one need not have permission to enter. (3) 
In addition, the evidence does not suggest that the house was a "public place," defined by the
Penal Code as "any place to which the public or a substantial group of the public has access and
includes, but is not limited to streets, highways, and the common areas of schools, hospitals . .
. ." Tex. Penal Code Ann. § 1.07(a)(40) (West 1994).

 Waddell's statement to the caretaker that he entered the house to look for a cat,
corroborated by the testimony of his sister at trial, raised evidence of a lack of a specific intent
on his part to commit a felony or theft, an element of burglary. There is, therefore, evidence in
the record that would permit a jury to conclude that, if guilty, Waddell is guilty only of the lesser
included offense of criminal trespass. Thus, it would have been error, under Royster, for the trial
judge to refuse an instruction on criminal trespass.

 The evidence in support of a conviction for criminal trespass when coupled with
the post-trial testimony of defense counsel is sufficient to overcome the presumption that counsel's
failure to request the instruction was based on sound trial strategy. Cf. Jackson, 877 S.W.2d at
771. During the hearing on Waddell's motion for new trial, defense counsel testified that he
concluded, based on the facts, that Waddell did not have authority to enter the house. He further
testified, however, that an instruction on criminal trespass was not proper because Waddell did
not have notice that entry to the house was forbidden and did not fail to depart after receiving
notice to do so. Counsel's testimony suggests that he wrongly believed that both illegal entry and
failure to depart are necessary to support a conviction for criminal trespass. See Tex. Penal Code
Ann. § 30.02(a)(1) (West 1994). In addition, counsel testified that he was not familiar with the
holding in Day, discussed above, that proof of the "notice" element of criminal trespass can be
established by the facts necessary to prove burglary of building "not then open to the public." See
Day, 532 S.W.2d at 306.

 Under these circumstances, when Waddell's defense counsel failed to request an
instruction on the lesser offense of criminal trespass, counsel's performance fell below an
objective standard of reasonableness. See Vasquez, 830 S.W.2d at 951. Furthermore, we believe
in light of the evidence that the outcome of the trial might have been different had the criminal
trespass instruction been requested and given. Without the instruction, the jury was not given the
opportunity to evaluate the evidence as it relates to the lesser offense. This alone undermines our
confidence in the conviction. (4) See id.

 Accordingly, we reverse the judgment of the trial court and remand the cause for
a new trial. We therefore need not address Waddell's remaining points of error.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: March 13, 1996

Publish

1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3633. Because the Code amendments effective September 1, 1994,
have no substantive effect on this section, the current Code is cited for convenience.
2.   The offense of burglary relevant in the present case is defined as follows:


(a) A person commits an offense if, without the effective consent of the owner,
he:


 (1) enters a habitation, or a building (or any portion of a building)
not then open to the public, with intent to commit a felony or
theft;


Tex. Penal Code Ann. § 30.02(a)(1) (West 1994).


The offense of criminal trespass is defined as follows:


(a) A person commits an offense if he enters or remains on property or in a
building of another without effective consent and he:


 (1) had notice that the entry was forbidden; or


 (2) received notice to depart but failed to do so.


Tex. Penal Code Ann. § 30.05(a) (West 1994). 
3.   A building is within the definition of burglary when it is an enclosed structure with
doors capable of being closed, designed for the security of its contents. See 20 Tex. Jur. 3d
Criminal Law § 882 (1982); cf. Day v. State, 534 S.W.2d 681, 684-85 (Tex. Crim. App. 1976).


 Evidence of the character or attributes of a structure is helpful in determining whether the
actor's belief that the structure was "open to the public" was reasonable. The "notice"
requirement in the criminal trespass statute was intended by the Legislature to prevent attaching
criminal liability to an "innocent trespass." Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App.
1976). The protection of "innocent trespass" suggests that the reasonableness of an actor's belief
is likewise relevant to whether there was "notice" in a case of criminal trespass. 
4.   Counsel's failure to request the instruction was particularly egregious because burglary
is a felony, the punishment for which can be enhanced by the commission of a previous
felony. See Tex. Penal Code Ann. § 12.42 (West 1994). Waddell's sentence for burglary was
enhanced, by a previous felony, to sixty-years imprisonment. Enhanced punishment, however,
is not available when the defendant is convicted of a misdemeanor offense, such as criminal
trespass. See Tex. Penal Code Ann. § 30.05(d) (West 1994). 


ce fell below an
objective standard of reasonableness. See Vasquez, 830 S.W.2d at 951. Furthermore, we believe
in light of the evidence that the outcome of the trial might have been different had the criminal
trespass instruction been requested and given. Without the instruction, the jury was not given the
opportunity to evaluate the evidence as it relates to the lesser offense. This alone undermines our
confidence in the conviction. (4) See id.

 Accordingly, we reverse the judgment of the trial court and remand the cause for
a new trial. We therefore need not address Waddell's remaining points of error.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: March 13, 1996

Publish

1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3633. Because the Code amendments effective September 1, 1994,
have no substantive effect on this section, the current Code is cited for convenience.
2.   The offense of burglary relevant in the present case is defined as follows:


(a) A person commits an offense if, without the effective consent of the owner,
he:


 (1) enters a habitation, or a building (or any portion of a building)
not then open to the public, with intent to commit a felony or
theft;


Tex. Penal Code Ann. § 30.02(a)(1) (West 1994).


The offense of criminal trespass is defined as follows:


(a) A person commits an offense if he enters or remains on property or in a
building of another without effective consent and he:


 (1) had notice that the entry was forbidden; or


 (2) received notice to depart but failed to do so.


Tex. Penal Code Ann. § 30.05(a) (West 1994). 
3.   A building is within the definition of burglary when it is an enclosed structure with
doors capable of being closed, designed for the security of its contents. See 20 Tex. Jur. 3d
Criminal Law § 882 (1982); cf. Day v. State, 534 S.W.2d 681, 684-85 (Tex. Crim. App. 1976).


 Evidence of the character or attributes of a structure is helpful in determining whether the
actor's belief that the structure was "open to the public" was reasonable. The "notice"
requirement in the criminal trespass statute was intended by the Legislature to prevent attaching
criminal liability to an "innocent trespass." Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App.
1976). The protection of "innocent trespass" suggests that the reasonableness of an actor's belief
is likewise relevant to whether there was "notice" in a case of c