NO. 07-06-0488-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 17, 2008

_____

DAVID ROY CLEVELAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2627; HONORABLE STEPHEN R. EMMERT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Roy Cleveland, was convicted by a jury of assault against a public servant in violation of § 22.01(b)(1) of the Texas Penal Code and sentenced to five years confinement, suspended for five years. Appellant contends his trial counsel was ineffective because he: (1) failed to challenge a juror for cause when she was the sister of the alleged victim; (2) failed to make an offer of proof when the trial court denied cross-examination

on events subsequent to the assault; (3) failed to preserve error by objecting to the trial court's questions and comments during the punishment stage of his trial; (4) failed to successfully procure testimonial evidence during the punishment stage of the trial; (5) failed to object to State's cross-examination of Appellant on prior arrests including a DWI arrest; and (6) failed to elicit testimony to assist in proving a defensive theory of accident. He also contends the trial court erred: (7) in questioning Appellant during the punishment phase of his trial, and (8) in denying his counsel the opportunity to cross-examine the State's witness regarding "same transaction contextual evidence." We affirm.

## Background

On September 12, 2004, DPS Trooper David Edwards stopped Appellant after observing his car cross the fog line and center stripe on Highway 83/60 north of Canadian. Edwards observed Appellant's speech was slurred and a smell of alcoholic beverage emanated from the car. He was argumentative, uncooperative, and refused to perform any field sobriety tests. Edwards placed Appellant under arrest and transported him to the Hemphill County Sheriff's Office.

At the Sheriff's Office, Deputy Rowdy Clark initiated the booking process. Appellant continued to be uncooperative and seemed aggravated. Appellant was also loud, obnoxious, cursing, and smelled of alcoholic beverage. Clark and Deputy David Thomas took Appellant to the laundry room to dress him out before placing him in a cell. As he was changing clothes, Appellant slung his pants nearly hitting Clark. Clark cautioned Appellant

2

to watch out.  Appellant responded to Clark saying "just keep popping off, keep popping off" and clapped his hands close to Clark's face.  Clark cautioned Appellant a second time. Appellant then drew his right arm back while making a fist.  Clark pushed Appellant back to avoid getting hit and Thomas wrapped his arms around Appellant from behind. Appellant flung his head back and hit Thomas in the mouth and nose.  Thereafter, he was indicted and convicted for assault against a public servant.

## Discussion of Appellant's Issues

### I.     Ineffective Assistance of Counsel

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by a preponderance of evidence (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different.  *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999).  We examine the totality of counsel's representation to determine whether Appellant received effective assistance but do not judge counsel's strategic decisions in hindsight.  9 S.W.3d at 813.  Rather, counsel's conduct is viewed with great deference.  *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App. 2005).  Any allegation of ineffectiveness must be firmly founded in the

3

record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 812.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is generally the case because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex.Crim.App. 2003); *Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003). The proper procedure for raising a claim of ineffective assistance is almost always habeas corpus. *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App.2003).

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex.App.–Fort Worth 2001, pet. ref'd). Like *Patterson*, Appellant's motion for new trial did not claim ineffective assistance of counsel, the trial court did not hold a hearing to determine whether Appellant's complaints of ineffective assistance involved actions that may or may not have been grounded in sound trial strategy, and the record does not reflect counsel's reasons for doing or failing to do the things of which Appellant complains. Moreover, during the punishment phase of his trial, Appellant responded to questioning by

4

the trial court indicating he was satisfied with the representation he received from his court-appointed counsel and had no complaints concerning his representation.

### Issue 1 - Failure to Exercise Peremptory Challenge

Appellant contends his counsel's failure to exercise a peremptory challenge and strike a juror who was the sister of the victim prejudiced him. While it is difficult to imagine a sound trial strategy for failing to exercise a peremptory challenge in this situation, defense counsel's reasons are not contained in the record. Thus, because Appellant has not overcome the presumption that trial counsel's actions were reasonable, we are unable to conclude that his trial counsel's performance was deficient. *See Jackson*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Delrio v. State,* 840 S.W.2d 443, 445-47 (Tex.Crim.App. 1992);*Tello v. State*, 138 S.W.3d 487, 495n.2, 496 (Tex.App.–Houston [14[th] Dist.] 2004), *aff'd*, 180 S.W.3d 150 (Tex.Crim.App. 2005).

Moreover, in response to questioning by the State and trial court, the juror responded she could be impartial, and there is simply no case law clearly supporting Appellant's claim that counsel was ineffective as a matter of law for not exercising a peremptory challenge in this situation. In the absence of clear legal guidance, we will not second guess counsel's decision. *See Vaughn v. State,* 931 S.W.2d 564, 566-67 (Tex.Crim.App. 1996). Accordingly, issue one is overruled.

**Issue 2 - Failure to Make an Offer of Proof**

The record is similarly lacking of any evidence establishing counsel's performance was deficient because he did not make an offer of proof after the trial court prohibited cross-examination of Clark on incidents that occurred after the assault on relevancy grounds. Before an appellate court may consider a complaint concerning the exclusion of evidence, the proponent must have perfected an offer of proof. *See* Tex. R. Evid. 103(b); *Guidry v. State,* 9 S.W.3d 133, 153 (Tex.Crim.App. 1999). Because the appellate record is silent as to why trial counsel failed to make an offer of proof, Appellant has failed to rebut the presumption that trial counsel's decision was in some way unreasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex.Crim.App. 2007). Furthermore, Thomas and Appellant subsequently testified on cross-examination and direct examination respectively to events occurring after the assault. Thomas testified Appellant received lacerations on his scalp after the assault when he was taken to the jailhouse floor, and Appellant testified to being subdued on the floor, the injuries he sustained, the ambulance dispatched, and events in the hospital emergency room. If the excluded evidence is admitted through other testimony, an appellant is not harmed. *Gonzales v. State,* 571 S.W.2d 11, 13 (Tex.Crim.App. 1978). Accordingly, issue two is overruled.

**Issue 3 - Failure to Object**

The record is also lacking of any evidence establishing counsel's performance was deficient because he did not object to comments and questions by the trial court during the

6

punishment phase of his trial. During the punishment phase, the following exchange occurred:

COURT: I have a question. Earlier you stated, "We're not done with this." What are you talking about?

DEFENDANT: I'm going to follow the procedure of justice. I–want this straightened out, Your Honor.

COURT: Meaning what? The procedure of justice, what are you talking about?

DEFENDANT: The appeal, if–because of the–I did not do this and I cannot accept–I mean, something–paying for something that I did not do is–it ain't going to happen.

COURT: You're not going to do–you're not going to follow probation then?

DEFENDANT: Yes, I will. I will–I will.

COURT: Well, you said–

DEFENDANT: –I will go through the cycle here, but we're going to get this straightened out.

COURT: But you're not saying that if this jury is lenient enough to give you probation that you're not going to comply with probation. Because you just said you didn't do it and you're not going to follow through with it. That's what you just said.

DEFENDANT: I'm saying I'm going to follow through with the procedures of the justice system to get this straight.

COURT: Okay. You can step down. Next witness.

In the absence of reasons for counsel's failure to object, we cannot conclude his conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001). In fact, counsel may not have objected because Appellant likely benefitted from the exchange. His earlier testimony indicated he did not accept the judgment of the jury and "was not done with this." From

7

this, the jury could have inferred Appellant would not accept conditions of probation if imposed by the jury. The full exchange between the court and Appellant clarified his intent to be bound by the conditions of probation if granted by the jury. Accordingly, issue three is overruled.

**Issue 4 - Failure to Caution a Prospective Witness Regarding "The Rule"**

Appellant contends counsel was ineffective because he didn't caution a witness present during the punishment phase that "the rule" had been invoked and the court subsequently prohibited the witness from testifying on Appellant's behalf. When a defendant complains that his trial counsel was ineffective for failing to call a witness at trial, the defendant must make a preliminary showing that the witness would have been available to testify and that the witness's testimony would have been beneficial. *Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex.Crim.App. 2005); *Cate v. State*, 124 S.W.3d 922, 927 (Tex.App.–Amarillo 2004, pet. ref'd). There is no testimony in the record to show the testimony of the prospective witness would have been beneficial. However, assuming it would be beneficial, counsel could have reasonably determined that the potential benefit was outweighed by the risk of unfavorable counter-testimony. Accordingly, issue four is overruled.

**Issue 5 - Failure to Object to Cross-Examination**

Appellant contends counsel was ineffective because he failed to object to the State's cross-examination of him concerning his prior arrests, including a prior DWI arrest. At trial, the first exchange was as follows:

STATE:  And you didn't perform any field sobriety tests; correct?

DEFENDANT:  No.

STATE: You didn't do any of that?

DEFENDANT: No.

STATE: Because you had been told not to; is that correct?

DEFENDANT: That and previous times that he has pulled me over and–

STATE: Well–

DEFENDANT:  –harassing me.

STATE: And so what previous times had he pulled you over?

DEFENDANT: He's pulled me over for no tag light numerous times.  I'll fix it and he'll–he'll pull me over.

STATE: Has he ever stopped you for DWI before?

DEFENDANT: Yes.

STATE: Did he arrest you on that occasion too?

DEFENDANT: Yes.

STATE: And when was that prior to this incident?  I don't need an exact date.

DEFENDANT: I don't recall.  Um—

STATE: Was it in 2001 when you were arrested for DWI?

DEFENDANT: Could be.  Yes, could be.

STATE: March 27th, 2001, does that sound correct?

DEFENDANT: Yeah, that's it.

The second exchange was as follows:

STATE: Okay. At that time, Deputy Clark is there and Dave Thomas are there and what you say this mysterious Shawn Walters who was a deputy for Hemphill County and they're booking you in; correct? And you've stated–is that correct? I apologize.

DEFENDANT: Yes.

STATE: Okay. And you stated earlier that there was information on the computer screen that was already there?

DEFENDANT: Yes.

STATE: And I assume that information was there from your previous arrests; is that correct?

DEFENDANT: Yes.

\*   \*   \*

STATE: And he began asking you questions as they stated about suicide and psychological questions?

DEFENDANT: Yes.

STATE: The standard questions you were asked every time you went to jail?

DEFENDANT: Yes.

STATE: And you didn't ever enjoy any of the times that you went to jail, did you?

DEFENDANT: Well, no.

In the absence of reasons for counsel's failure to object, we cannot conclude his failure to object was "so outrageous that no competent attorney would have engaged in it." *Garcia,* 57 S.W.3d at 440. Counsel may not have objected because he believed Appellant opened the door for the State to dispel the false impression left by Appellant's remark that

10

he was stopped by the Trooper a number of times for the purpose of harassment. *See generally Prescott v. State,* 744 S.W.2d 128, 131 (Tex.Crim.App. 1988). Counsel also may not have wanted to highlight Appellant's prior criminal history with an objection or he may have wanted to create the appearance that Appellant was being open and honest on all questions. These are sound and plausible trial strategies. *See, e.g., Heiman v. State,* 923 S.W.2d 622, 626 (Tex.App.–Houston [1st Dist.] 1995, pet. ref'd); *Ahmadi v. State,* 864 S.W.2d 776, 783 (Tex.App.–Fort Worth 1993, no pet.). Appellant's complaint requires us to speculate on defense counsel's strategy which we may not do. *Rios v. State,* 990 S.W.2d 382, 386 (Tex.App.–Amarillo, 1999, no pet.). Accordingly, issue five is overruled.

**Issue 6 - Failure to Elicit Testimony from Appellant**

Appellant also asserts counsel failed to elicit testimony to assist in proving a defensive theory of accident when Appellant was testifying on direct examination at trial. In support, Appellant contends counsel "merely glossed over events" and failed to "take the opportunity to actually promote" this defensive theory while Appellant was on the stand. The suggestion that examination should have been conducted in another manner does not rebut the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Resendiz v. State,* 112 S.W.3d 541, 548 (Tex.Crim.App. 2003), *cert. denied,* 581 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 713 (2004). This is particularly so where counsel attempted to elicit testimony from Clark and Thomas that

11

Appellant's action was involuntary and Appellant testified on direct examination he did not strike Thomas with his head or otherwise.

In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel while indulging a strong presumption his performance falls within the wide range of professional assistance or trial strategy. *Thompson,* 9 S.W.3d at 813. Counsel's conduct is reviewed with great deference and without "the deleterious effects of hindsight." *Id.* In sum, we find Appellant has not overcome this presumption or demonstrated there was a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Issue six is also overruled.

## II. Trial Court Errors

### Issue 7 - Trial Court Erred in Questioning Appellant

Appellant contends the trial court erred in questioning him during the punishment phase of his trial. The exchange between the trial court and Appellant is set forth under issue three. *Supra,* Issue 3. A failure to object to a trial court's questions, comments, or conduct results in error not being preserved for appellate review. *Oulare v. State,* 76 S.W.3d 231, 233 (Tex.App.–Amarillo 2002, no pet.). Nevertheless, the remarks or conduct may be challenged on appeal if fundamentally erroneous, even though no objection was raised. *Id.; Brewer v. State,* 572 S.W.2d 719, 721 (Tex.Crim.App. 1978). Fundamental

error is error that is so egregious and creates such harm that it deprives the defendant of his right to a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). Egregious harm is present when the error made the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State,* 817 S.W.2d 688, 692 (Tex.Crim.App. 1991).

In response to Appellant's earlier testifmony that could have been interpreted by the jury as indicating Appellant did not intend to be bound by probation rules, the court properly sought clarification through further questioning. *Ross v. State,* 800 S.W.2d 262, 265 (Tex.App.–Houston [14th Dist.] 1990, pet. ref'd). The trial court's questions and comments do not constitute fundamental error assuming *arguendo* that they were improper. Neither were the trial court's questions to Appellant reasonably calculated to benefit the State or to prejudice his rights under § 38.05 of the Texas Code for Criminal Procedure. *See Rodela v. State,* 829 S.W.2d 845, 850-51 (Tex.App.–Houston 1992, pet. ref'd). Issue seven is overruled.

## Issue 8 - Trial Court Erred in Limiting the Scope of Cross-Examination

Appellant contends the trial court committed error by limiting the scope of his counsel's cross-examination of Clark and his ability to elicit "same transaction contextual evidence." During trial, the trial court prohibited Appellant's counsel from cross-examining Clark on incidents that occurred after the assault on relevancy grounds.

13

We review the trial court's evidentiary rulings for abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex.Crim.App. 1990)(en banc). We will not disturb the trial court's ruling if it is "within the zone of reasonable disagreement." *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex.Crim.App. 2007). Instead, we will uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Valle v. State*, 109 S.W.2d 500, 509 (Tex.Crim.App. 2003). Moreover, error in allowing inadmissible evidence is cured when the same evidence is admitted without objection. *Id.*

We need not determine whether the prohibited evidence is properly characterized as "same transactional contextual evidence." The issue is whether the trial court erroneously prohibited Clark's cross-examination on relevancy grounds. Appellant contends the evidence was relevant to his defense of accident. However, whether Appellant sustained injuries when he was subdued on the jailhouse floor and received medical treatment is at the least arguably irrelevant to whether Appellant's *prior* assault on Thomas was accidental or involuntary. Thus, the trial court's ruling is within the zone of reasonable disagreement. Moreover, if error occurred, it was cured when Thomas and Appellant subsequently testified on cross-examination and direct examination respectively to the events that occurred following the assault. *Supra,* Issue 2. Issue eight is also overruled.

**Conclusion**

Having overruled all of Appellant's issues, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

15