# NO. 12-16-00161-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN ARTHUR HOSKIN,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Steven Arthur Hoskin, appeals from his conviction for burglary of a building. In one issue, Appellant contends the evidence is legally insufficient to support his conviction. We reverse and render.

## BACKGROUND

Appellant was charged with committing burglary of a building, i.e., a barn. At trial, the evidence showed that Anita Lamb owned forty-three acres of land across U.S. Highway 84 from her residence in rural Anderson County. On December 11, 2013, Mrs. Lamb's neighbor noticed two men loading items into an old pickup truck parked across the highway from the Lamb residence. Knowing that the Lambs were not home, the neighbor thought the activity suspicious and called 9-1-1.

In response to the neighbor's call, Sergeant Ryan Toliver of the Anderson County Sheriff's Department arrived at the scene. He found Appellant and another man preparing to leave in a loaded old Dodge pickup. Appellant said that they loaded items that they assumed were "junk," which they intended to sell for scrap. The items included (1) two fifty-five gallon barrels that were once used as burn bins, (2) an air conditioner that the Lambs had removed from

a camper trailer when the unit quit working, and (3) a stainless steel soda cylinder that Mr. Lamb brought home from his work at the Coca-Cola Company.

After detaining Appellant and the other man, Sergeant Toliver walked across the railroad tracks down a path or old driveway that led to "an old barn, maybe, an old shed." The barn was in an advanced state of dilapidation and the door had fallen off.

A jury found Appellant guilty of burglary of a building, and assessed his punishment at confinement for two years. The jury, finding that Appellant had never been convicted of a felony, recommended that the court suspend imposition of sentence and place Appellant on community supervision. The trial court signed a judgment in accordance with the jury's recommendation. This appeal followed.

## Standard of Review

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 l. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" requires the reviewing court to defer to the jury's determinations regarding the witnesses' credibility and weight to be given their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. A court "faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution. . . ." *Jackson*, 449 U.S. at 326, 99 S. Ct. at 2793.

The sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

## Applicable Law

A person commits burglary of a building if, without the owner's effective consent, the person enters a building with intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). "Building" means any enclosed structure intended for use or

occupation as a habitation or for some purpose of trade, manufacture, ornament, or use. *Id*. 30.01(2) (West 2011). The structure itself must be of an enclosed character. *Day v. State*, 534 S.W.2d 681, 683 (Tex. Crim. App. 1976). A structure that is merely enclosed by something, such as a chain link fence, is not an enclosed structure under the statute. *Id*.

**Discussion**

Appellant contends that the uncontested evidence shows that the structure he was charged with entering, i.e., the barn, was not a "building" as defined in the penal code because it was not an enclosed structure. We agree.

An unoccupied building in need of repair may constitute a "building" as contemplated by burglary statutes. In *Ellett v. State*, 607 S.W.2d 545 (Tex. Crim. App. 1980), the court found an empty hotel to be a "building" within the meaning of the burglary statute. *Ellett*, 607 S.W.2d at 548. Some windows had been broken out, requiring the owner to have the windows boarded up to secure the hotel. *Id*. Additionally, the owner testified that "at all times, (the hotel) was supposed to have been locked. And securing of it, in a more firm way, was done to keep people from breaking in." *Id*. at 549.

In *Day*, the court of criminal appeals held that a concrete block structure with three permanently open portals for the passage of trucks was not an "enclosed structure" as contemplated by the burglary statute. *Day*, 534 S.W.2d at 684-85. The court found that the cutting and entry through a chain link fence that surrounded the premises on which the structure stood was not an entry into a "building" in violation of the burglary statute. *Id*. at 683-84.

In this case, the uncontested testimony shows that for at least twenty-five or thirty years, the barn had been as open and unsecured as the structure in *Day*. According to the record, the barn stood on the property for over seventy years. The barn door fell off twenty-five or thirty years before the offense and no effort had been made to replace the door or otherwise secure the barn against intruders. And unlike the hotel in *Ellett*, there was no evidence of effort or intent to secure the barn. Mrs. Lamb testified that she had not been to the barn in "three or four years." She described the barn as dilapidated. The photographs in evidence show a structure in such an advanced state of disrepair as to appear near collapse. The barn's condition makes it difficult to believe that it could now be secured. Accordingly, the jury could not reasonably conclude that the barn was an "enclosed structure" as contemplated by the penal code's definition of a "building." *See Day*, 534 S.W.2d at 684-85; *see also* TEX. PENAL CODE ANN. § 30.01(2). For

this reason, viewing the evidence in the light most favorable to the verdict, the jury was not rationally justified in finding that Appellant committed burglary of a building beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899. Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we ***reverse*** the judgment and ***render*** a judgment of ***acquittal***.

**BILL BASS**
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2017**

**NO. 12-16-00161-CR**

**STEVEN ARTHUR HOSKIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-15-32,062)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court be **reversed** and a judgment of **acquittal** be, and the same is, hereby **rendered** herein in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*