Tommy Wayne CRANER, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–89–048–CR.

Court of Appeals of Texas,
Texarkana.

Sept. 12, 1989.

Paul R. Stansell, Galveston, for appellant.

Thomas Rodriquez, Asst. Dist. Atty., Galveston, for appellee.

CORNELIUS, Chief Justice.

In a jury trial, Tommy Wayne Craner was convicted of burglary of a building. Enhanced by reason of a previous conviction, punishment was set by the trial judge at thirty years' confinement.

On appeal, Craner contends that the structure he entered was not a building as defined in the burglary statutes, and that the court erred in failing to charge the jury on the lesser included offense of criminal trespass. He also contends that the court erred in refusing to submit a requested instruction defining burglary, and that his punishment is excessive. We overrule all points of error and affirm the judgment.

At about 2:30 a.m. on May 9, 1988, police found Craner and another man in the second floor of the Pavilion on Stewart Beach in Galveston, removing coins from a cigarette machine.

After the State presented its case, Craner moved for an instructed verdict on the ground that the State had failed to prove that the area where he was found was a building within the definition of Tex.Penal Code Ann. § 30.02 (Vernon 1989). Craner asserted at trial, and contends again in this appeal, that the area was not enclosed and for that reason it does not constitute a building within the meaning of the burglary statutes.

Craner was charged with burglary of a building. "Building" for the purposes of the burglary section is defined in Tex. Penal Code Ann. § 30.01(2) (Vernon 1989) as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." "Enclosure" is defined in Black's Law Dictionary as being "surrounded by some visible obstruction." Black's Law Dictionary 689 (5th ed. 1979).

The structure in question is constructed mainly of concrete blocks and has some wood siding. It consists of a ground level, a first floor, and a second floor. The ground floor, where equipment was stored, was completely fenced and locked with gates. The first floor contains a snack bar, gift shop, showers, locker rooms, and a small ice cream parlor. Between 8:00 a.m. and 8:00 p.m., this floor is open to the public and can be entered by an elevator and three sets of stairs. When closed to the public, the elevator is locked and the floor is completely enclosed, with the stairways closed off by locked steel gates which have horizontal rungs. The second floor houses a restaurant and bar, the manager's office, and a beach patrol office. The restaurant is enclosed by solid walls on the north and east sides and on half of the south side. It is completely covered by a roof. The west side and the other half of the south side are adjacent to an open-air eating area, and are completely enclosed by a wooden slat banister thirty-eight inches high. It was in this area that Craner was seen and apprehended.

Testimony showed that when the building was locked the only way a person could enter the second floor open-air area was to either break into the building somewhere or to climb fifteen to eighteen feet up the outside of the building, past the ground level and first floors, and then climb over

the thirty-eight inch banister. Testimony also showed that Craner had apparently climbed up one of the steel gates to reach the second floor, because the steel rungs had been bent, indicating that they had been used as steps.

We conclude that the evidence sufficiently establishes that the area Craner entered was a building within the meaning of the statute. It is not a mere balcony or porch; it is an interior part of a self-contained concrete block building, completely roofed. The area is completely enclosed—on two and a half sides by solid walls, and on one and a half sides by the wooden slat banister. The fact that the banister is not solid and does not extend to the ceiling does not render the area unenclosed. *De Albuquerque v. State*, 712 S.W.2d 809 (Tex.App.–Houston [1st Dist.] 1986, no pet.); *Johnson v. State*, 664 S.W.2d 420 (Tex.App.–Amarillo 1983, pet. ref'd, untimely filed); *Villarreal v. State*, 643 S.W.2d 790 (Tex.App.–San Antonio 1982), *aff'd on rehearing*, 645 S.W.2d 654 (Tex.App.–San Antonio 1983, no pet.); *see also, Gilliam v. State*, 746 S.W.2d 323 (Tex.App.–Eastland 1988, no pet.). When the building was locked, as it was on the occasion here, the area in question could only be entered by climbing fifteen to eighteen feet and then climbing over the wooden banister.

Craner relies on *Swain v. State*, 583 S.W.2d 775 (Tex.Crim.App. [Panel Op.] 1979), and *Day v. State*, 534 S.W.2d 681 (Tex.Crim.App.1976), but both of those cases are distinguishable. In *Day*, the structure had three ground-level doorways incapable of being closed and which were wide enough to admit large trucks. In *Swain*, the area where the defendant was found was an unenclosed and unsecured stairway attached to the side of a habitation and leading to an overhanging porch.

We conclude that in enacting the burglary statute the Legislature intended to protect a structure and area such as that here.

■ Craner next asserts that the trial court erred in refusing to submit the following requested instruction:

You are advised that the word "building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use. You are further advised that, unless you believe, beyond a reasonable doubt that Tommy Wayne Craner knowingly and intentionally entered that portion of the pavilion building which is fully enclosed and secured, and not merely the open deck area of such structure, you must acquit him.

The instruction given to the jury defined building in the exact language of the statute, which is ordinarily sufficient. *Swain v. State*, supra. Moreover, the instruction requested by Craner was legally incorrect, as we have noted earlier. For that reason, there was no error in refusing the instruction.

■ Craner also complains because the court failed to instruct the jury on the lesser included offense of criminal trespass.

In determining whether a charge on a lesser included offense is required, a two-step analysis is used. First, the lesser included offense must be within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty at all, he is guilty *only* of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App. [Panel Op.] 1981) (opinion on Court's motion for rehearing); *Eldred v. State*, 578 S.W.2d 721 (Tex.Crim.App. [Panel Op.] 1979).

A person commits the offense of criminal trespass if he enters or remains on property or in a building of another without the owner's effective consent and he had notice that the entry was forbidden. Tex.Penal Code Ann. § 30.05(a) (Vernon 1989).

In this case, there was no evidence or indication whatever that Craner entered the building for any reason other than to commit theft. According to the evidence, if he was guilty of any offense, it was burglary. Thus, no charge on criminal trespass was required. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983).

In his last point of error, Craner argues that his sentence is excessive.

 We do not have jurisdiction to review the reasonableness of punishments assessed by the juries and trial courts of this state if those punishments are within the range prescribed by statute for the offense, unless they are so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishment prohibited by the United States and Texas Constitutions. *Yeager v. Estelle,* 489 F.2d 276 (5th Cir.1973), *cert. denied,* 416 U.S. 908, 94 S.Ct. 1616, 40 L.Ed.2d 113 (1974); *Gaines v. State,* 479 S.W.2d 678 (Tex.Crim.App. 1972); U.S. Const. amend. VIII, Tex. Const. art. I, § 13.

Considering all of the evidence here and the previous conviction of Craner, we conclude that the punishment assessed is not disproportionate to the offense and does not constitute cruel and unusual punishment.

For the reasons stated, the judgment of the trial court is affirmed.

