Ronald G. ST. JULIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00394–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 18, 1993.

Rehearing Denied April 8, 1993.

Steven Lieberman, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## MAJORITY OPINION

LEE, Justice.

Appellant was charged with two counts of burglary of a building with intent to commit theft, each enhanced with a prior felony conviction. Appellant entered a plea of not guilty and waived his right to a jury trial. The trial court found appellant guilty of both counts. After pleading not true to the enhancement allegations, the trial court found both enhancements to be true and sentenced appellant to twenty years confinement on each count. We affirm.

In three points of error, appellant challenges the sufficiency of the evidence to support his conviction where the State failed to prove: (1) the structure entered was a building, (2) appellant entered without consent, and (3) that the person named in the indictment as "owner" is in fact the owner of the building. The standard of review on appeal for challenges to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt while viewing the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989).

In his first ground of error, appellant contends there was insufficient evidence to prove the structure he entered was a "building" for the purposes of TEX.PENAL CODE ANN. § 30.01(2) (Vernon 1974). Section 30.01(2) defines "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." "Enclosure" is defined in Black's Law Dictionary as being "surrounded by some visible obstruction." Black's Law Dictionary 689 (5th ed. 1979). *See Craner v. State*, 778 S.W.2d 144, 145 (Tex.App.—Texarkana 1989, no pet.). Appellant argues that at the time of the alleged entries, the structure had an opening with no way of being closed.

■ The elements of burglary of a building pursuant to TEX.PENAL CODE ANN. § 30.-02(a)(1) (Vernon 1974) are: (1) a person, (2) without the effective consent of the owner, (3) enters a ... building (or any portion of

a building), not then open to the public, (4) with the intent to commit a felony or theft. *Garcia v. State*, 571 S.W.2d 896, 899 (Tex.Crim.App.1978). We note that although the indictment in the present case did not include the specific allegation "any portion of a building," such indictment was sufficient to apprise appellant of the charge against him. *Williams v. State*, 537 S.W.2d 936, 940 (Tex.Crim.App.1976).

■ The structure in question, a mailroom at an apartment complex, is constructed of brick and has a ceiling, a floor, and four walls. The mailroom itself is a permanent part of the larger apartment building. Panels of individual mailboxes are mounted in three of the walls while the fourth wall has two shelves and a single-framed doorway in the center allowing access into the mailroom. At the time of the incident, the doorway was an open passageway without a door or gate. The record contains several photographs of the structure in question (State's exhibits 1, 3, 4, 5, and 6) which show the opening to the mailroom and that the mailroom was made part of the larger apartment building. Appellant contends that the evidence is insufficient to prove that he entered "an enclosed structure." While we agree that the room entered by appellant was not an "enclosed structure" under section 30.01(2), we hold that the "portion of the building" from which appellant appropriated the property of others was in fact an enclosed structure.

Appellant relies on *Day v. State*, 534 S.W.2d 681 (Tex.Crim.App.1976). The structure in *Day* was described as "being essentially a shed consisting of a roof and walls erected for as much protection from the elements as would be consistent with leaving permanently open portals for passage of persons and trucks." *Id.* at 684. The structure, built of concrete blocks had three large doorways that were not capable of being closed. The openings were large enough to accommodate large trucks. The defendant in *Day* was charged with cutting and entry through a chain link fence which surrounded the concrete structure and taking property therefrom. The actual location or structure from which the property

was taken was held not to be designed for the security of its contents. Similar to the structure in *Day*, the room entered by appellant was not capable of being closed. Although there was only a single frame door allowing entry and exit into the room, there was not a door attached to the opening prior to the date of the alleged offense.

Despite the similarities between the *Day* structure and the mailroom in the instant case, we feel this case is distinguishable from *Day*. The property in *Day* was taken from the open structure. Here, although there was entry into a room incapable of being closed, appellant entered unlawfully into a completely enclosed portion of the building. The record reveals that the mailroom was made part of the larger apartment complex. The mailroom was accessible only after passing though several archways of the larger complex. There can be little doubt that the apartment complex fits the definition of a building. The placement of the mailroom within the larger structure makes the mailroom a portion of that building. Even more, the mailboxes that were designed to fit into the walls of the surrounding structure certainly qualify as a portion of the larger apartment building. The evidence reveals that the mailboxes were completely enclosed and equipped with arrow locks that were the property of the postal service and designed specifically for the security of the contents of each mailbox. The evidence further reveals that appellant entered these mailboxes by unlawfuly opening and entering the secured mailboxes. We therefore hold that a rational trier of fact could have found that the structure entered by appellant was "a portion of a building." Appellant's first point of error is overruled.

■ In his next ground of error, appellant alleges that the evidence was insufficient to support his conviction for burglary, where the record failed to show that the person who owned the building was the "owner" alleged in the indictment. The indictment alleged as owner, U.S. Postal Inspector, Keith Beaty. "Owner" is defined in the general definition section of the Penal Code as:

A person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon Supp.1993). "Possession" is defined as "[a]ctual care, custody, control, or management." TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974).

■ Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2) possession, or (3) a greater right to possession than the defendant. *Alexander v. State*, 753 S.W.2d 390 (Tex. Crim.App.1988). Thus, under our Penal Code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the "owner." *Id.* at 392.

Appellant argues that the record is devoid of any evidence showing either Lonnie Minerich or Inspector Beaty were responsible for or in control of the building. Lonnie Minerich testified that she was manager of the apartment complex and that she provided Inspector Beaty complete access to and control over the mailroom in order to investigate the burglaries. In addition, Ms. Minerich asked Inspector Beaty to install a camera in the mailroom. Ms. Minerich's actions evidenced some degree of control over the property. This control was then transferred to Mr. Beaty. Mr. Beaty testified that he ordered an electrician to install a video camera in the mailroom for surveillance. He also testified that as the Postal Inspector, he had a greater right to possession to the mailboxes within the mailroom than appellant and that he had not given appellant consent to enter the mailboxes. This too evidences some degree of care, custody, control or management over the property. Moreover, appellant did not testify and called no witnesses to assert any possessory right in the building or the mailboxes greater than Beaty's. *See Davis v. State*, 783 S.W.2d 313, 317 (Tex.App.—Corpus Christi 1990, no writ). Therefore, a rational trier of fact could have found that Beaty had a greater right of possession of the building than

appellant. Appellant's second point of error is overruled.

■ As his final contention, appellant argues that the evidence is insufficient to support his conviction, where the State failed to show that he entered the structure without the effective consent of the owner. The testimony of Inspector Beaty, that he had not given appellant permission to enter the building (or any portion therof), is sufficient to establish the absence of effective consent. *See Ellett v. State*, 607 S.W.2d 545, 550 (Tex.Crim.App.1980). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I respectfully file my dissent. Appellant appeals his two judgments of conviction for the offense of burglary of a building with intent to commit theft. Appellant waived his right to a jury trial and entered a plea of not guilty to the Court. The Court found appellant guilty on both counts and after finding the one enhancement paragraph, under each count, to be true, assessed punishment at twenty (20) years confinement in the Institutional Division of the Texas Department of Criminal Justice on each count. I would reverse the trial court's judgment and order a judgment of acquittal.

Appellant was convicted of two counts of burglary of the same alleged "building." One burglary on August 7, 1991, and another burglary on September 27, 1991.

I would sustain appellant's first point of error where he contends there was insufficient evidence to prove the structure he entered was a "building" for the purposes of TEX.PENAL CODE ANN. § 30.01(2) (Vernon 1974). Section 30.01(2) defines "building" as "any *enclosed* structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." "Enclosure" is defined in Black's Law Dictionary as being "surrounded by some visible obstruction." *See Craner v. State*, 778 S.W.2d 144, 145 (Tex.

App.—Texarkana 1989, no pet.). Appellant argues that at the time of the alleged entries, the structure had an opening with no way of being closed.

The structure in this case was described as the mailroom of an apartment complex. At the time of the alleged burglary, the room had an open passageway without a door or gate, as depicted in the photographs introduced at trial. The testimony revealed that a person could walk off the street and though an open archway right into the mailroom. One would not have to walk through any type of closed or locked door. There were no signs posted saying that only residents of the apartment complex were allowed in the location of the mailroom, or that it was not open to the public.

In the instant case the structure, as depicted in State's Exhibits 1, 3, and 4, had three walls and a roof and contained the mailboxes for the apartment complex's residents. At the time of the alleged entries, the structure had an opening with no way of being closed. This structure was open and unenclosed on both August 7, 1991, and September 27, 1991; the dates of the two alleged burglaries. The structure was designed for no other reason than to provide the residents a place to go, in order to check their mail. Additionally, it cannot be claimed that this open structure was designed for the security of its contents or any occupants. The structure did not serve the purpose of protecting the mailboxes, because the evidence revealed that the mailboxes were built with, and protected by, specially designed locks.

The structure at issue was not enclosed because it existed in a condition which allowed unrestricted in and out movement. Other than providing cover for those checking their mail, there was no "use" for the structure to bring it within the definition of "building" as set out in the Penal Code.

The Court of Criminal Appeals held that a similar structure was not a "building" within the terms of section 30.01, and reversed the conviction for insufficient evidence. *Day v. State*, 534 S.W.2d 681 (Tex. Crim.App.1976). The openings or passageways in *Day* were permanent, and had been designed without any way of closing them. There had never been any doors on the openings. Here, the structure was similarly designed without any way of closing the area. There were no doors attached to the opening on the dates of the alleged offenses.

Based on the evidence before the trial court, a reasonable trier of fact could not have found that the mailroom was an enclosed structure for the purposes of burglary. *See Soliz v. State*, 794 S.W.2d 110, 112 (Tex.App.—Houston [1st Dist.] 190, pet. ref'd). I would find that the evidence is insufficient to show that appellant entered an enclosed structure and that he therefore, was not guilty of burglary. I would sustain appellant's first point of error.

Accordingly, I would reverse appellant's conviction and order he be acquitted.