Ronald Geriamane ST. JULIAN,
Appellant,

v.

The STATE of Texas, Appellee.

No. 680–93.

Court of Criminal Appeals of Texas.

March 23, 1994.

Steven J. Lieberman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron and David Kiatta, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

The trial court found Appellant guilty of two counts of burglary of a building with intent to commit theft. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989). The court found the enhancement allegation for each count to be true and assessed punishment at confinement for twenty years on each count. The Court of Appeals affirmed the convictions. *St. Julian v. State,* 852 S.W.2d 592 (Tex.App.—Houston [14th Dist.] 1993). We granted Appellant's petition for discretionary review to decide whether the unenclosed mailroom at an apartment complex was a "building" or a "portion of a building" under § 30.01(2) of the Texas Penal Code.

> The indictment charged that Appellant did ... unlawfully with intent to commit theft, enter a building not then open to the public ... without any consent of any kind.

*See* TEX.PENAL CODE ANN. § 30.02(a)(1) (person commits burglary if, without consent of the owner, he enters a building or any portion of a building not then open to the public with intent to commit theft). Section 30.-01(2) defines "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." TEX.PENAL CODE ANN. § 30.01(2) (Vernon 1989).

The mailroom in the instant case was constructed of brick and had a ceiling, a floor and four walls. Panels of individual mailboxes were mounted on three of the walls. The mailboxes themselves were individual enclosed units.[1] Attached to the fourth wall

---

1. There was no evidence in the record that the back of the mailboxes were open to another room from which the mail could be placed into the individual boxes. Rather, the postal inspec-

was a bulletin board and shelves. An open passageway in the center of the fourth wall allowed free access to the mailroom. This was the only entry into the mailroom. At the time of the instant offenses a person could walk off the street and through an open passageway and archway right into the mailroom. The mailroom was part of a larger two-story brick structure which contained apartment units and a clubhouse area, all of which were connected by open passageways on the outside.[2]

The Court of Appeals agreed with Appellant that the mailroom was not a "building" under § 30.01(2) because it was not an enclosed structure. However, the court held it was a "portion of a building." *St. Julian*, 852 S.W.2d at 594. The court stated that the apartment complex was a building and the mailroom was a permanent part of that building:

> There can be little doubt that the apartment complex fits the definition of a building. The placement of the mailroom within the larger structure makes the mailroom a portion of that building.

*Id.* The court also stated that the mailboxes were completely enclosed and locked and were designed for the security of the contents. *Id.* Appellant entered the mailboxes as well. *Id.* The court concluded that Appellant entered a portion of a building. *Id.*

■ Appellant disputes the Court of Appeals' holding, arguing there was no evidence that the apartment complex was completely enclosed or that the mailroom was enclosed by the apartment complex. He points out that the manager of the apartment complex

testified that a person could walk off the street, travel through an open passageway, and walk into the mailroom. Appellant relies principally upon *Day v. State*, 534 S.W.2d 681 (Tex.Crim.App.1976), as authority for the proposition that it is erroneous to conclude that anything located on the grounds of the apartment complex is an enclosed portion of the apartment building.[3] Appellant argues that the larger structure must be established as being of an enclosed character.

In *Day* we discussed the requirement that under the burglary statutes the building must be enclosed and we stated that the structure itself must be of "an enclosed character." *Day*, 534 S.W.2d at 683. We clarified that a structure which is merely surrounded by something else, like a fence, is not, for that reason alone, an enclosed structure. *Id.* In *Day* the structure was built of concrete blocks with three large doorways that were not capable of being closed. *Id.* The structure and surrounding yard were enclosed by a chain link fence. *Id.* We held the concrete structure was not of an enclosed character and "was not designed for the security of its contents". *Id.* at 685. This Court analogized it to an open air stage and a carport, structures not intended to be buildings protected by the burglary statute. *Id.*

■ Architecturally, the mailroom at issue here is certainly a "portion" of some larger structure. The question is whether this "portion" falls within the scope of the burglary statute. We hold that it does not. The undisputed evidence at trial indicates that at the time of the offense a person could walk

---

tor indicated that the boxes were accessed by a "postal service arrow lock".

2. It appears, but is not altogether clear, from the photographs that the mailroom was set into the larger brick structure. There was no testimony describing the structural relationship between the mailroom and the larger apartment complex.

3. Appellant also urges us to follow *Swain v. State*, 583 S.W.2d 775 (Tex.Crim.App.1979). However, *Swain* dealt with burglary of a habitation and for that reason is not applicable to the instant case. Brief analysis demonstrates why. The definitions provided in the Penal Code indicate that the "portion of a building" language at issue in the instant case is only meant to apply in the

context of burglary of a building as opposed to burglary of a habitation. The Penal Code defines "habitation" to include "structure[s] appurtenant to or connected with," but does not require the structure to be "enclosed." Tex.Penal Code Ann. § 30.01(1)(B) (Vernon 1989). By contrast, the definition of "building" includes the requirement of enclosure without making reference to any structures "appurtenant to or connected with." *Id.* at § 30.01(2). Therefore, *Swain*, a burglary of a habitation case which held that the burglary statute was not intended to encompass "an entry upon an unenclosed and unsecured stairway attached to a residence", does not help us resolve the issue in the instant case.

off the street and freely enter the mailroom. The legal purpose of article 30.02(a)(1) is to protect against intrusion into a building or a portion of a building where people expect to be free of intrusion because of the special nature of the place. SETH SEARCY III & JAMES PATTERSON, *Practice Commentary— 1973*, TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). As an open structure, the mailroom was not designed for the security of its contents.[4] It did not have an "enclosed character" because the public could freely enter.[5] Our holding today is consistent with prior interpretations of the burglary statute.[6] The Court of Appeals erred in determining the mailroom was a portion of a building under § 30.02(a)(1).

■ The Court of Appeals is also incorrect if its opinion can be read to hold that the individual mailboxes themselves are buildings—enclosed structures under the meaning of the burglary statute. Common sense alone refutes that idea. Under that theory a closed box used to hold old newspapers, standing by itself, would be a building. This again is not the type of structure the burglary statute was intended to protect. It is not intended to protect *things* like mailboxes or containers that are enclosed. We decline to interpret the burglary statute in such a manner.

The Court of Appeals erred in finding the evidence sufficient to prove Appellant burglarized a building. Therefore, the judgment of the Court of Appeals is reversed. The case is remanded to the trial court to enter a judgment of acquittal.

McCORMICK, P.J., and WHITE, J., dissent.

---

4. The mailboxes themselves were designed for security, but the room containing the mailboxes was not.

5. We are not here discussing whether the mailroom or apartment complex was "open to the public" as that phrase is used in § 30.02(a)(1). Admittedly the phrase "open to the public" is related to the issue of whether the building is enclosed. Nevertheless the concepts are distinct. There was free access to the mailroom. Therefore, whether the mailroom was "open to the public" in the sense that the general public had authority to enter at will is another matter. We need not resolve that issue today because it is not before this Court.

6. For example, a pharmacy department located inside a supermarket is a portion of a building. *Johnson v. State*, 664 S.W.2d 420 (Tex.App.— Amarillo, 1983, pet. ref'd). The pharmacy was a delineated portion of the supermarket building and was designed for the security of its contents. Similarly, a booth inside an airport terminal building and stores inside a mall are portions of the building in which they are housed. *See De Albuquerque v. State*, 712 S.W.2d 809 (Tex.App.— Houston [1st Dist.] 1986, no pet.); *Villarreal v. State*, 643 S.W.2d 790 (Tex.App.—San Antonio 1982), *rev'd on other grounds on rehearing*, 645 S.W.2d 654 (Tex.App.—San Antonio 1983, no pet.). Like the pharmacy these structures were delineated portions of a larger building and were themselves designed for the security of their contents. Private offices inside buildings or stores otherwise open to the public are also portions of buildings. *Williams v. State*, 537 S.W.2d 936 (Tex.Crim.App.1976).