# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40648
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

JOSE LUIS MARIN-SOTO,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1425-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Luis Marin-Soto appeals his guilty-plea conviction and sentence for being present in the United States following deportation, in violation of 8 U.S.C. § 1326.  Marin-Soto argues that the district court erred in enhancing his sentence pursuant to § 2L1.2(b)(1)(A)(ii) of the Federal Sentencing Guidelines, based on the determination that his 1998 Texas conviction for burglary of a habitation constitutes a crime of violence.  We review the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation and application of the Guidelines de novo. United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir. 2006).

As Marin-Soto recognizes, this court has already held that a violation of TEX. PENAL CODE ANN. § 30.02(a)(1), the statute of his previous conviction, is a crime of violence for purposes of § 2L1.2. See United States v. Garcia-Mendez, 420 F.3d 454 (5th Cir. 2005). Nevertheless, Marin-Soto argues that the Supreme Court's recent decision in James v. United States, 127 S.Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. In James, the Supreme Court noted in dicta that because the Florida burglary statute at issue criminalizes the mere unlawful entry onto the curtilage of a structure, rather than entry into the structure itself, the statute contemplates conduct beyond "generic burglary." Id. at 1599. This, however, was not the holding of James; the Court was confronted not with the issue of whether burglary in Florida constitutes an enumerated offense under a Guidelines enhancement provision, but rather whether that offense constitutes a "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Id. at 1590; see also United States v. Gomez-Guerra, 485 F.3d 301, 303 (5th Cir.) ("The analysis in James . . . does not concern enumerated offenses and pertains only to a residual provision in § 924(e)(2)(B)(ii) . . . ."), cert. denied, 128 S. Ct. 156 (2007) .

Even applying the dicta in James, Marin-Soto's argument fails. Unlike Florida's burglary statute, "habitation" under § 30.02(a)(1) does not include the curtilage surrounding the habitable structure. See § 30.01(1); St. Julian v. State, 874 S.W.2d 669, 671 (Tex. Crim. App. 1994). As such, the Supreme Court's guidance in James does not undermine our conclusion in Garcia-Mendez that a violation of § 30.02(a)(1) constitutes "burglary of a dwelling" as that phrase is generically used.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Marin-Soto challenges the constitutionality of § 1326(b)'s treatment of prior felony and

aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008). Accordingly, the judgment of the district court is AFFIRMED.