# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-40210
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERIBERTO CARDENAS-CARDENAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:

Heriberto Cardenas-Cardenas appeals the sentence imposed following his conviction on his guilty plea to a charge of being an alien unlawfully present in the United States after deportation. He argues that the district court reversibly erred by imposing a 16-level increase to his base offense level based upon its determination that his prior Texas conviction for burglary of a habitation constituted a crime of violence.

As Cardenas-Cardenas acknowledges, a panel of this court previously held that a violation of TEX. PENAL CODE ANN. § 30.02(a)(1), the statute pertaining to his prior burglary conviction, is a crime of violence for purposes of § 2L1.2 because it is equivalent to the enumerated offense of burglary of a dwelling. See

United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005); see also U.S.S.G. § 2L1.2, comment n.1(B)(iii). Nevertheless, Cardenas-Cardenas argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. We disagree and determine that this argument is, as Cardenas-Cardenas concedes, foreclosed.

In James, the Supreme Court noted in dicta that because the Florida burglary statute at issue in that case criminalized the mere unlawful entry onto the curtilage of a structure, rather than entry into the structure itself, the statute contemplates conduct beyond generic burglary. Id. at 1599. This, however, was not the holding of James, which did not present the issue whether burglary in Florida constitutes an enumerated offense that could be used to impose a guidelines sentencing adjustment under 2L1.2. Rather, James raised the question whether a Florida burglary conviction was a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Id. at 1590; see also United States v. Gomez-Guerra, 485 F.3d 301, 303 (5th Cir.), cert. denied, 128 S. Ct. 156 (2007).

Cardenas-Cardenas's argument is unavailing even under the James dicta. In contrast to Florida's burglary statute, "habitation" under § 30.02(a)(1) does not include the curtilage surrounding the habitable structure. See § 30.01(1); St. Julian v. State, 874 S.W.2d 669, 671 (Tex. Crim. App. 1994). Consequently, James does not undermine our conclusions in Garcia-Mendez that a violation of § 30.02(a)(1) constitutes "burglary of a dwelling" as that phrase is generically used and, concomitantly, that a conviction under that statute will support a sentencing adjustment under § 2L1.2(b)(1)(A)(ii).

Cardenas-Cardenas has shown no error in connection with his sentence. Accordingly, the judgment of the district court is AFFIRMED.