Affirmed and Memorandum Opinion filed August 3, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00346-CR

___________________

 

Albin Adalin Zelaya-Zelaya, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 180th District Court

Harris County,
Texas



Trial Court Cause No. 1089402

 



 

 

MEMORANDUM OPINION

Appellant,
Albin Adalin Zelaya-Zelaya, was charged with the felony offense of burglary of
a habitation with the intent to commit aggravated assault and robbery.  Tex.
Penal Code Ann. § 30.02(a)(1) (Vernon 2003).  The jury found appellant guilty
and sentenced him to confinement for life in the Institutional Division of the
Texas Department of Criminal Justice.  Appellant now challenges this conviction
on appeal.  We affirm.

Factual and Procedural Background

            Law
enforcement officials with the Federal Bureau of Investigation (“FBI”) and the
Houston Police Department set up a sting operation to catch a band of robbers
led by an individual known as “Turko.”  A private citizen, Elmer Garcia, agreed
to cooperate with law enforcement officials in their effort to apprehend Turko
and his band.  Garcia told law enforcement about a businessman from Belize who
travelled to Houston to purchase cars and other equipment for shipment back to
Belize.  According to Garcia, this businessman carried large amounts of cash to
make his purchases.  In cooperation with the FBI and the police, Garcia gave
Turko information that the businessman would be arriving in Houston with a
large amount of cash and would be staying in two rooms at a specified motel.

            In
the early morning hours of September 22, 2006, Turko’s crew arrived at the
motel where Garcia had told Turko the businessman was staying.  There were five
men with Turko, one of whom was appellant.  The five men, all armed with
handguns, broke into the two rooms specified by Garcia.  The men discovered
that the rooms were empty as the businessman had not travelled to Houston. 
Instead, the two motel rooms had been rented by FBI Special Agent Brian Ritchie
on behalf of the FBI specifically to conduct the sting operation.  Realizing
they had been set up, all members of Turko’s crew fled on foot but they were all
ultimately captured.

Discussion

            In
two issues, appellant contends the evidence is legally and factually
insufficient to establish that the complainant named in the indictment, Special
Agent Ritchie, was the owner of the burglarized motel.

I.         The
Standard of Review

In a legal sufficiency review, we view all the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 2789, 61 L. Ed. 2d 569 (1979); Salinas v. State, 163 S.W.3d
734, 737 (Tex. Crim. App. 2005).  The jury, as the sole judge of the
credibility of the witnesses, is free to believe or disbelieve all or part of a
witness’ testimony.  Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim.
App. 1998).  The jury may reasonably infer facts from the evidence presented,
credit the witnesses it chooses to, disbelieve any or all of the evidence or testimony
proffered, and weigh the evidence as it sees fit.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  Reconciliation of conflicts in the
evidence is within the jury’s discretion, and such conflicts alone will not
call for reversal if there is enough credible evidence to support a
conviction.  Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App.
1986).  An appellate court may not re-evaluate the weight and credibility of
the evidence produced at trial and in so doing substitute its judgment for that
of the fact finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  Inconsistencies in the evidence are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We do not engage in a
second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

In a factual sufficiency review, we consider all the
evidence in a neutral light.  Prible v. State, 175 S.W.3d 724, 730–31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered by itself, the evidence
supporting the verdict may be so weak that the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable doubt standard could not have been met.  Id.  In
conducting a factual sufficiency review, we must employ appropriate deference
so we do not substitute our judgment for that of the fact finder.  Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must
consider the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

 

II.        Analysis

            A person commits
the offense of burglary of a habitation if, without the effective consent of
the owner, the person enters the habitation with the intent to commit a felony,
theft, or assault.  Tex. Penal Code Ann. § 30.02(a)(1).  Ownership of a
burglarized premises may be proven in one of three ways: (1) title; (2)
possession, whether lawful or not; or (3) a greater right to possession than
the defendant.  Id. at § 1.07(a)(35); Alexander v. State, 753 S.W.2d
390, 392 (Tex. Crim. App. 1988).  Thus, under the Penal Code, any person who
has a greater right to the actual care, custody, control, or management of the
property than the defendant can be alleged as the “owner.”  Id. 

            Here, Special
Agent Ritchie, as well as Houston Police Sergeant Patricia Graham, testified
that Ritchie had rented the two rooms for the FBI to conduct the investigation.
Special Agent Ritchie also testified that none of the member’s of Turko’s crew
had permission to enter either of the motel rooms.  We conclude this is legally
sufficient evidence that Ritchie had a greater right to possession of the motel
rooms than appellant.  See Salas v. State, 548 S.W.2d 52, 53–54 (Tex.
Crim. App. 1977) (commenting that the renter of a hotel room can be an owner
under burglary statute).  We overrule appellant’s first issue.

We also conclude the evidence is factually sufficient
to support appellant’s conviction.  We reach this conclusion despite appellant
pointing out the lack of documentary evidence supporting Special Agent
Ritchie’s testimony that he rented the motel rooms for the purpose of the FBI’s
investigation.  Moreover, we note that appellant did not offer any evidence
demonstrating that he had any possessory right in the motel rooms, much less
one greater than Special Agent Ritchie’s on September 22, 2006.  See Mauldin
v. State, 628 S.W.2d 793, 795 (Tex. Crim. App. 1982) (“In light of the
testimony of Sustaire that he was the owner of the building, and in the absence
of any evidence to the contrary, we hold the evidence sufficient to support the
indictment.”); St. Julian v. State, 852 S.W.2d 592, 595 (Tex.
App.—Houston [14th Dist.] 1993), rev’d on other grounds, 874 S.W.2d 669
(Tex. Crim. App. 1994) (finding the evidence sufficient to convict the
defendant of burglary with intent to commit a felony when the apartment manager
and a postal inspector testified regarding postal inspector’s possession and
control over apartment mailroom for investigation of thefts from mailboxes and
the defendant did not offer any evidence asserting a possessory right in the
apartment building or mailboxes).  We overrule appellant’s second issue.

Conclusion

            Having overruled
appellant’s issues on appeal, we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).