# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00381-CR

**Rudy Holguin Dominguez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-09-1072-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Our review of the record, however, discloses potential errors that are not frivolous.

First, appellant was convicted of burglary of a building, which requires proof of entry into "a building (or any portion of a building) not then open to the public." *See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2003). To prove this element, the State offered evidence that appellant reached into a jewelry showcase located inside a pawn shop in order to take a bracelet. The pawn shop was open to the public at the time of the offense, but the State characterized the jewelry showcase as a portion of the building not open to the public. Under the circumstances, a question remains as to whether the jewelry showcase can properly be considered a building or portion of a building for purposes of the burglary statute. *See id.*; *see also St. Julian v. State*, 874 S.W.2d 669,

671 (Tex. Crim. App. 1994) (observing that burglary statute was not intended to protect "things like mailboxes or containers that are enclosed") (emphasis omitted).

Second, the judgment of conviction orders appellant to pay court costs, with the notation "SEE ATTACHED BILL OF COST[S]." While a defendant's inability to pay does not bar the imposition of court costs, the bill of costs in this case includes appointed attorney's fees in the amount of $500. *See Green v. State*, No. 03-09-00718-CR, 2010 Tex. App. LEXIS 8153, at *20-22 (Tex. App.—Austin Oct. 8, 2010, no pet.) (mem. op., not designated for publication). Before ordering a defendant to pay appointed attorney's fees, a trial court must determine that the defendant has financial resources enabling him to offset the cost of the legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The record contains no determination by the trial court that appellant has financial resources enabling him to pay appointed attorney's fees. While an express finding of ability to pay is not required, there must be some factual basis in the record to support a determination that a defendant is capable of paying attorney's fees. *See Anderson v. State*, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *6 (Tex. App.—Austin July 1, 2010, no pet.) (mem. op., not designated for publication).

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Accordingly, this appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief addressing (1) whether there is legally sufficient evidence to support the element of entry of a building or portion of a building not open to the public, (2) whether there is a factual basis in the record to support a determination that appellant is capable

of paying the ordered attorney's fees, and (3) any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to withdraw is granted. *See id.* A copy of the order appointing substitute counsel shall be forwarded to this Court no later than June 13, 2011. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Abated

Filed: May 11, 2011

Do Not Publish

3