TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00381-CR






Rudy Holguin Dominguez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-09-1072-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). Our review of the
record, however, discloses potential errors that are not frivolous.

 First, appellant was convicted of burglary of a building, which requires proof of entry
into "a building (or any portion of a building) not then open to the public." See Tex. Penal Code
Ann. § 30.02(a)(1) (West 2003). To prove this element, the State offered evidence that appellant
reached into a jewelry showcase located inside a pawn shop in order to take a bracelet. The pawn
shop was open to the public at the time of the offense, but the State characterized the jewelry
showcase as a portion of the building not open to the public. Under the circumstances, a question
remains as to whether the jewelry showcase can properly be considered a building or portion of a
building for purposes of the burglary statute. See id.; see also St. Julian v. State, 874 S.W.2d 669,
671 (Tex. Crim. App. 1994) (observing that burglary statute was not intended to protect "things like
mailboxes or containers that are enclosed") (emphasis omitted).

 Second, the judgment of conviction orders appellant to pay court costs, with the
notation "SEE ATTACHED BILL OF COST[S]." While a defendant's inability to pay does not bar
the imposition of court costs, the bill of costs in this case includes appointed attorney's fees in the
amount of $500. See Green v. State, No. 03-09-00718-CR, 2010 Tex. App. LEXIS 8153, at *20-22
(Tex. App.--Austin Oct. 8, 2010, no pet.) (mem. op., not designated for publication). Before
ordering a defendant to pay appointed attorney's fees, a trial court must determine that the defendant
has financial resources enabling him to offset the cost of the legal services provided. See Tex. Code
Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The record contains no determination by the trial
court that appellant has financial resources enabling him to pay appointed attorney's fees. While an
express finding of ability to pay is not required, there must be some factual basis in the record to
support a determination that a defendant is capable of paying attorney's fees. See Anderson v. State,
No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *6 (Tex. App.--Austin July 1, 2010, no pet.)
(mem. op., not designated for publication). 

 Because an Anders brief has been filed, we may not address the merits of any arguable
ground for appeal until the issue has been briefed by new counsel. See Bledsoe v. State, 178 S.W.3d
824, 827 (Tex. Crim. App. 2005). Accordingly, this appeal is abated. The trial court is instructed
to appoint substitute counsel to file a brief addressing (1) whether there is legally sufficient evidence
to support the element of entry of a building or portion of a building not open to the public,
(2) whether there is a factual basis in the record to support a determination that appellant is capable
of paying the ordered attorney's fees, and (3) any other issue that counsel deems meritorious. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to
withdraw is granted. See id. A copy of the order appointing substitute counsel shall be forwarded
to this Court no later than June 13, 2011. Substitute counsel's brief will be due thirty days after the
date of appointment. 


 _____________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Abated

Filed: May 11, 2011

Do Not Publish