

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00020-CR
_____

EVERETT WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140ᵗʰ District Court
Lubbock County, Texas
Trial Court No. 2012-436,337; Honorable Jim Bob Darnell, Presiding

June 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Everett Wilson, was convicted of burglary of a habitation enhanced following a jury trial.[1]  He was sentenced to fifty years confinement and assessed a $10,000 fine.  By a single point of error, he asserts the trial court erred by overruling his

---

[1] TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West 2011).  An offense under this section is a second degree felony.  Here, the range of punishment was enhanced to that of a first degree felony based on a finding that Appellant had previously been finally convicted of the felony offense of burglary of a habitation.  TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2013).

objection to the omission of a jury instruction on the lesser-included offense of criminal trespass. We modify the judgment to correct a clerical error and affirm the judgment as modified.

## BACKGROUND

In July 2012, Appellant was indicted for the offense of burglary of a habitation with intent to commit theft. By separate notice in January 2013, the State alleged Appellant had been previously convicted of burglary of a habitation in 2008. A jury trial was held, and prior to its conclusion, Appellant objected that the jury charge did not contain the lesser-included offense of criminal trespass.[2] The trial court overruled Appellant's objection, and he was convicted of the indictment's charge. Appellant pleaded "true" to the enhancement during the punishment phase of the trial. Thereafter, the jury sentenced Appellant to fifty years confinement and assessed a $10,000 fine. The trial court issued its *Judgment of Conviction by Jury* assessing the jury's punishment, and this appeal followed.

## STANDARD OF REVIEW

The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [without] expressing any opinion as to the weight of the evidence . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court is required to instruct the jury on statutory defenses, affirmative defenses and justifications when they are raised by the evidence. *Walters v. State,* 247 S.W.3d 204, 208-09 (Tex. Crim. App. 2007). In other words, the defendant is entitled to an instruction on every

---

[2] TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2013).

2

defensive issue raised by the evidence, "regardless of whether the evidence is strong, feeble, impeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Id.* at 209.

One is entitled to an instruction on a lesser-included offense if the lesser offense is included within the proof necessary to establish the greater offense and there is some evidence permitting a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Cavazos v. State,* 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Bearing this in mind, we determine whether a defendant is entitled to a lesser-included offense instruction by conducting a two-part analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007). We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. *Goad*, 354 S.W.3d at 446. If so, we must then decide whether the admitted evidence supports the instruction, i.e., if "[t]he evidence permits a rational jury to find the defendant guilty only of the lesser-included offense." *Id.* (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State,* 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We consider all the evidence admitted at trial, *Goad*, 354 S.W.3d at 446, and anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Id.* at 446-47. If error exists, then we determine whether the error caused sufficient harm to require reversal.

3

*Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1985)).

DISCUSSION

Appellant asserts an instruction on the lesser-included offense of criminal trespass was warranted based upon Appellant's statement to Officer Travis Denson that he entered the house to "look for a washer and a dryer." We disagree.

Criminal trespass can be a lesser-included offense of burglary of a habitation. *Goad*, 354 S.W.3d at 446. "An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required establishing the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09 (1) (West 2006). A person commits the offense of criminal trespass if he "enters . . . property of another, including residential land [or] a building . . . without effective consent and the person had notice that the entry was forbidden or received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2013). The indictment charged that Appellant "intentionally and knowingly, with intent to commit theft, entered a habitation, without the effective consent of MARTIN SLEMMONS, the owner hereof." Thus, here, the offense of criminal trespass is established by proof of the facts of burglary of a habitation as Appellant was charged, less proof of the specific intent to commit theft. *See Goad*, 354 S.W.3d at 446.

Officer Denson testified at trial that he was dispatched to the scene of a possible burglary in progress. A neighbor had spotted an unknown black male, approximately twenty years old with cutoff jeans, moving near the back fence of a neighboring house.

4

Officer Denson arrived in approximately two minutes and spotted a broken window with glass inside and outside the house. He noticed a black male looking through the blinds of another window or glass door. After they appeared to make eye contact, the black male attempted to exit through the broken window when Officer Denson cuffed and arrested Appellant. After Officer Denson placed Appellant in the back seat of his patrol car, he administered Appellant's *Miranda* rights,[3] and Appellant agreed to waive his rights.

Appellant identified himself and told Officer Denson that he entered the house to look for a washer and dryer. Appellant also informed Officer Denson that, if Appellant found one, he was going to take it. Officer Denson asked Appellant whether "[he] broke into that house?" Appellant answered, "Yes." He then asked Appellant how he broke into the house, and Appellant answered, "I threw a rock in the window and I opened it." Officer Denson confirmed the damage to the window was consistent with Appellant's answer.

Here, there is no evidence or indication in the record that Appellant entered the residence for any reason other than to commit theft. This is not a case where an appellant testified he did not intend to commit theft upon entry, *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991), or approached a residence wanting to look for his dog before entering, *Goad,* 354 S.W.3d at 447, or entered a restaurant to investigate what appeared to be a break-in. *Day v. State*, 532 S.W.2d 302, 306-07 (Tex. Crim. App. 1975), *overruled in part on other grounds, Hall v. State,* 225 S.W.3d 524 (Tex.

---

[3] The safeguards of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), come into play when a person in custody is subjected to either express questioning or its functional equivalent. *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). *See Martinez v. State*, 304 S.W.3d 642, 648 n.3 (Tex. App.—Amarillo 2010, pet. ref'd).

Crim. App. 2007). Instead, the record establishes Appellant threw a rock through a window to gain entry to a residence in order to take a washer and dryer.

Simply because Officer Denson testified Appellant was on foot without tools to disconnect a washer/dryer and any observable means to transport the appliances, we cannot speculate what Appellant's ultimate plan was for removing and transporting the appliances. Had testimony raised the issue that Appellant entered the premises for purposes other than to commit theft, he would be entitled to a charge on the lesser offense of criminal trespass. *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991); *Bui v. State*, 964 S.W.2d 335, 341 (Tex. Crim. App. 1998). That simply was not the case here.

According to the evidence, if he was guilty of any offense, it was burglary of a habitation. No charge for criminal trespass was required. *Craner v. State,* 778 S.W.2d 144, 146 (Tex. Civ. App.—Texarkana 1989, no pet.) (citing *Denison v. State*, 651 S.W.2d 754 (Tex. Crim. App. 1983)). Appellant's single issue is overruled.

## MODIFICATION

In reviewing the record, it has come to this Court's attention that the trial court's written judgment includes a clerical error, i.e. it incorrectly identifies the second degree felony offense of burglary of a habitation as a first degree felony. This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc*

6

where the evidence necessary to correct the judgment appears in the record.  *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  We modify the judgment of the trial court accordingly.  *See Musgrove v. State*, 425 S.W.3d 601, 612 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.) (modifying judgment to reflect correct offense level).

## CONCLUSION

We modify the trial court's judgment to reflect the degree of offense as a "2nd Degree Felony," and as modified, we affirm the judgment.


Patrick A. Pirtle
Justice


Do not publish.