# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00442-CR

**Eugene Hill, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 69393, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Eugene Hill was convicted in a bench trial of burglary of a building and was sentenced to nine months' imprisonment. *See* Tex. Penal Code § 30.02. On appeal, he challenges the sufficiency of the evidence, arguing that the structure in question did not meet the statutory definition of a "building." We affirm the judgment of conviction.

The structure into which Hill entered was a two-car garage that was attached to the residential portion of the house; the top floor of the house extended over the garage. The house had been occupied by its owner, Russell Williams, his sister, and her family until about a month earlier, when a fire largely destroyed the second floor. After the fire, the house was unsafe for habitation, and Williams testified that at the time of Hill's entry, he and his family were still in the process of moving out. Williams had left one of his family's cars in the garage, along with hot water heaters, light fixtures, a washer, a dryer, tools, wood, and some metal. Williams testified that the garage was

an "open face" garage and that, in his memory, there had never been doors on the garage. A police officer who responded to a neighbor's report about Hill's entry into the garage said it "appeared the garage door was open," although when asked whether he knew if the garage had doors, he said, "I'm not sure, no." At the time of trial about six months later, Williams was in the process of selling the house for $1,000, and the purchaser intended to demolish the house. Much of the property that had been in the garage was eventually discarded, Williams "got rid of" the car, some items were given to neighbors, and the family kept some of the tools.

Hill, who was homeless, said he had been looking for material or items he could sell to a recycling center. He thought the property in the garage had been discarded, although he admitted it had not been left in a dumpster or put on the street. Hill testified that the car was dusty, and Williams said that the car "hasn't been running for a while" and that he put it in the garage to get it off the street. Photos of the structure that were admitted into evidence showed a residence that had suffered extensive fire damage and was not currently inhabited. There were scorch marks above the upper-story windows, and a City of Temple notice was posted by the front door, stating that the house was unsafe and uninhabitable.

Hill was charged with entering "a building or a portion of a building not then open to the public" with the intent to commit theft. *Id.* § 30.02(a). A building is an "enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." *Id.* § 30.01(2). In reviewing evidentiary sufficiency, we look at all the evidence in the light most favorable to the verdict and ask whether the fact-finder was rationally justified in finding all of the elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010).

2

Our review of the cases addressing similar issues shows that whether a structure amounts to a "building" is a fact-intensive question. Our sister court in Houston held that an attached garage that lacked doors was an enclosed structure that satisfied the definition of "building" under the penal code. *See Cabaong v. State*, No. C14-87-00507-CR, 1988 WL 83843, at *2 (Tex. App.—Houston [14th Dist.] Aug. 11, 1988, no pet.) (not designated for publication). We have held that "[a]n open doorway alone is not enough to designate an area as one that is open to the public." *Dominguez v. State*, 363 S.W.3d 926, 933 (Tex. App.—Austin 2012, no pet.); *see Ross v. State*, 800 S.W.2d 262, 264-65 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (structure with two sides, roof, and openings on either end with garage-type doors amounted to "building," despite fact that door to one opening had been unattached and lying on the floor "for months"; "structure was designed with doors on it and was capable of being closed and made secure").[1] Finally, an abandoned structure with open doors or windows due to vandalism or earlier entries still amounts to a "building" under the burglary statute. *See Ellett v. State*, 607 S.W.2d 545, 548-49 (Tex. Crim. App. 1980) (defendant entered former hotel through open door; hotel had been closed for four years, was being used for storage, and had broken-out and boarded windows; court stated, "We are not prepared to hold that an unoccupied structure in need of repairs cannot be a 'building' within contemplation of the burglary statutes."); *Soliz v. State*, 794 S.W.2d 110, 111-12 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (former chemical plant was closed to public and fenced off, had been vandalized, and had several doors and windows removed; "[T]he openings were

---

[1] *See also Anthony v. State*, 207 S.W.2d 84, 85 (Tex. Crim. App. 1947) (op. on reh'g) (under predecessor statute, two-story garage used to store automobiles with open first floor lacking any doors was a "house," defined in statute as "any building or structure erected for public or private use").

3

designed with doors so that the structure could be closed. Most of the doorways had doors at one time and some still had them."); *see also Scott v. State*, No. 05-01-01171-CR, 2002 WL 664136, at *2-3 (Tex. App.—Dallas Apr. 24, 2002, no pet.) (not designated for publication) (former car dealership amounted to "building" despite portions of complex being disassembled or demolished and doors and windows missing).

Williams's garage was attached to the overall house structure and supported the second story. The structure was clearly intended for use as a residence, although it had suffered significant fire damage. The garage was designed to be fully enclosed with the installation of a door. And, Williams and his family had left some of their possessions in the garage while they completed the moving process, including a car, which is not usually an item left out as trash. Applying the preceding case law to the facts of this case, the trial court could have concluded that sufficient evidence supports a determination that the garage in question here was constructed to serve as an enclosure and was a "building" under the burglary statute. *See Brooks*, 323 S.W.3d at 899. We overrule Hill's points of error and affirm the judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: July 17, 2014

Do Not Publish

4